# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMEEL FUTRELL,** | : | **Civil No. 1:12-CV-2492** |
| | : | |
| **Petitioner** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DAVID VARANO, et al.,** | : | |
| | : | |
| **Respondents** | : | |

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

The petitioner in this habeas corpus proceeding, Jameel Futrell, is an inmate in the custody of the Pennsylvania Department of Corrections. He is currently housed at the State Correctional Institution in Coal Township, Pennsylvania where he is serving a 12-24 year sentence that was imposed on September 24, 2007, after Futrell was convicted of drug trafficking and criminal conspiracy in York, Pennsylvania.

Futrell initiated this habeas corpus proceeding by filing a petition for relief on December 13, 2012. After Futrell confirmed his election to proceed on his claims pursuant to 28 U.S.C. § 2254 (Doc. 9), the Court issued an order to show cause directing the respondents to file a response to the petition. (Doc. 10) After being granted an enlargement of time, the respondents filed a motion to dismiss the petition

on June 3, 2013, together with a brief in support, and the records from Futrell's trial, appeal, and post-conviction proceedings in state court. In their motion, the respondents assert that although Futrell's petition for relief was timely filed shortly before the expiration of the statute of limitations applicable to state habeas petitions, many of Futrell's claims are unexhausted because he did not present them to the Pennsylvania state courts on direct review or as part of his petition for relief under Pennsylvania's Post-Conviction Relief Act. With respect to the only claim that the respondents concede is exhausted, the respondents argue that Futrell is not entitled to relief as a matter of law.

Upon consideration, we tentatively agree with the respondents that Futrell's petition appears to be almost entirely unexhausted; indeed, Futrell seems to admit as much, as he represents throughout the petition that he is presenting most of the claims for the first time in this proceeding.[1] However, like the respondents, we also find that

---

[1] Futrell seems to be suggesting that his PCRA counsel was constitutionally ineffective for failing to raise these issues during the PCRA proceedings. To the extent that this is what Futrell is arguing, it would fail as a matter of law to state a claim. An attorney's errors in a post-conviction collateral proceeding will not support a freestanding claim for ineffective assistance of counsel. Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); see also Abu-Jamal v. Horn, 520 F.3d 272, 297 (3d Cir. 2008) (errors in collateral proceedings are not a proper basis for habeas relief). It is true that in cases where an inmate has *procedurally defaulted* on his claims by failing to present them timely and properly before the state courts, he may be able to establish cause to excuse the procedural default by demonstrating that his counsel in an "initial-review collateral proceeding"

large sections of Futrell's petition are illegible or otherwise unintelligible, and prevent the Court from engaging in an adequate review of Futrell's claims. Accordingly, for the reasons explained below, we will recommend that the Court stay these habeas proceedings for a fixed period of time in order to provide Futrell the opportunity to move to have this case held in abeyance while he seeks further review in state court of the unexhausted claims he has brought in this proceeding. Alternatively, a stay of a fixed duration would afford Futrell a reasonable opportunity to submit an amended petition that is complete and legible in all respects, in the event Futrell declines to seek further state review of his claims.[2]

---

provided ineffective assistance of counsel. Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1315, 182 L.Ed.2d 272 (2012). "[I]nitial-review collateral proceedings" are collateral proceedings that "provide the first occasion to raise a claim of ineffective assistance at trial." Id. The Pennsylvania Supreme court has held that a criminal defendant must raise a claim of ineffectiveness of counsel on collateral review, or it is otherwise waived. Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). Because Futrell does not appear to be time barred from seeking post-conviction relief in the state courts, it is not yet clear that the Martinez exception to Coleman will have any application to this case, since procedural default has not been asserted.

    [2] We emphasize that if Futrell declines to seek state court review of claims he concedes are unexhausted, it is likely that these claims would be subject to dismissal.

## II.   BACKGROUND

On September 7, 2007, Jameel Futrell was sentenced to a term of imprisonment of 12 to 24 years for drug trafficking and criminal conspiracy. Futrell appealed his conviction on October 23, 2007. On September 17, 2008, the Pennsylvania Superior Court affirmed the conviction. Futrell, who was at this time represented by counsel, did not file a petition for review to the Pennsylvania Supreme Court. On March 27, 2009, Futrell filed a PCRA petition to reinstate his appellate rights, and the petition was granted on May 15, 2009.

On June 12, 2009, Futrell filed a petition for allocatur with the Pennsylvania Supreme Court. On November 17, 2009, the Pennsylvania Supreme Court denied the petition and declined further review. Futrell did not file a petition for a writ of certiorari with the United States Supreme Court, which caused his state convictions and sentence to become final as of February 15, 2010.

247 days later, on October 20, 2010, Futrell filed a PCRA petition. On April 26, 2011, the PCRA court denied Futrell's petition. Futrell, through his counsel, filed a notice of appeal to the Pennsylvania Superior Court. On May 13, 2011, Futrell filed a statement of matters complained of on appeal. Sometime thereafter, Futrell moved to proceed on his PCRA appeal *pro se*. Following a hearing on June 6, 2011, Futrell was granted leave to proceed *pro se*.

4

Now proceeding on his own behalf, on June 30, 2011, Futrell filed a second statement of matters complained of on appeal. On February 12, 2012, the Superior Court denied Futrell's appeal. Futrell appealed to the Pennsylvania Supreme Court, and the appeal was denied on August 22, 2012.

113 days later, on December 13, 2012, Futrell filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, alleging numerous claims that his trial, appellate, and post-conviction counsel were ineffective in a variety of respects. Based on the foregoing calculations, it appears that Futrell filed his petition for relief 360 days after his state conviction became final, and thus five days before the one-year statute of limitations applicable to state habeas petitions would have expired. See 28 U.S.C. § 2241(d). The Commonwealth responded to the petition by moving to dismiss on June 3, 2013.

## III.    DISCUSSION

### A.    Exhaustion and Procedural Default

State prisoners who turn to the federal courts seeking habeas corpus relief are often called upon to chart a course between competing procedural shoals. Prisoners who file their federal petitions prematurely may run afoul of one of the statutory prerequisites to a state prisoner seeking relief in federal court, namely "exhaust[ion of] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Prisoners who delay filing a petition for habeas relief may find that the one-year statute of limitations applicable to habeas petitions under 28 U.S.C. § 2244, now bars their access to federal court. Prisoners thus must often endeavor to navigate between these competing procedural requirements as they seek collateral relief from their state criminal convictions.

Although perhaps not intended by the petitioner, the petition for relief presently before the Court presents an example of this procedural dilemma. Futrell filed his petition for federal habeas relief 360 days after his conviction became final in the state courts, five days before the one-year limitations period would have expired. At the same time, Futrell filed a petition in which he conceded that many of the claims he attempts to raise before this Court were never presented to the state courts. Futrell suggests that this failure is an example of his counsel's ineffectiveness, but he nonetheless has acknowledged at the outset that many of his claims are unexhausted.

At the same time, the lengthy petition that Futrell filed with the Court is also, in many respects, illegible or unintelligible due to the copy of the petition being too faded to read. The illegibility of this document causes the Court in many instances to be unable to review and understand the nature of Futrell's claims, and any further explanation he may have attempted to provide regarding his efforts to exhaust his claims before the state courts, or to more fully explain the basis for his claims.

**B.     State Prisoner Habeas Relief–The Legal Standard**

A state prisoner seeking to invoke the power of this Court to issue a writ of

habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which

provides in part as follows:

> **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district
> court shall entertain an application for a writ of habeas corpus in behalf
> of a person in custody pursuant to the judgment of a State court only on
> the ground that he is in custody in violation of the Constitution or laws
> or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be granted
> unless it appears that–
>
> **(A)** the applicant has exhausted the remedies available in the courts of
> the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **(2)** An application for a writ of habeas corpus may be denied on the
> merits, notwithstanding the failure of the applicant to exhaust the
> remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

**(1.)     Substantive Standards For Habeas Petitions**

As this statutory text implies, state prisoners must meet exacting substantive

and procedural benchmarks in order to obtain habeas corpus relief.  At the outset, a

petition must satisfy stringent substantive standards to warrant relief.  Federal courts

may "entertain an application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

## (2). Procedural Thresholds for Section 2254 Petitions

### (a). Exhaustion of State Remedies

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the

state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed

in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," Picard v. Connor, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims. Evans, 959 F.2d at 1230-33. Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that claim. See Dye v. Hofbauer, 546 U.S. 1(2005) (per curiam); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).

Oftentimes, these petitions may either contain wholly unexhausted claims or contain what are referred to as "mixed" claims: petitions with both exhausted and unexhausted claims. In such instances, the court has several courses available to it. First, the court can dismiss the petition without prejudice, so that the petitioner can either return to state court and totally exhaust his claims, or proceed in federal court

on a petition which raises only wholly exhausted issues.  <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  This total exhaustion approach facilitates the important goals of federalism and comity that are essential to the exhaustion rule, and allows for complete legal and factual development of these cases in the state legal system before petitions are presented in federal court.

However, because strict compliance with this total exhaustion rule can create procedural dilemmas for some petitioners who may be unable to fully exhaust state remedies on petitions before the one-year statute of limitations prescribed for state habeas petitions elapses, the courts have adopted another procedure which may be employed in a limited number of cases, a "stay and abeyance" procedure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner.  <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).

Yet, while granting a stay and abeyance is an available procedure, it is not a preferred course of action in these cases.  Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court has held that:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines v. Weber, 544 U.S. at 277.   Therefore, in order to qualify for a stay and abeyance a petitioner should "satisf[y] the three requirements for a stay as laid out in Rhines:   good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics."   Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

> **C.**   **This Case Should Be Stayed For a Fixed Period to Allow Futrell Either to (1) Move to Stay and Hold this Case in Abeyance While He Endeavors to Exhaust his Claims Before the State Courts, or (2) Submit an Amended Petition that is Legible in All Respects**

Upon consideration, we believe that the foregoing legal considerations, under the procedural facts of this case, should cause the Court to stay these habeas proceedings for a fixed period in order to allow Futrell an opportunity to seek to fully exhaust those claims that he concedes have not yet been presented to the state courts. Alternatively, a brief stay would give Futrell time to submit an amended petition setting forth, in a legible format, all of the claims that he wishes to bring in this action.   Although the petitioner has not at this time moved for a stay of these proceedings, we find it appropriate to provide some guidance to the parties regarding the law in this field, and to highlight its potential application to the circumstances presented in this case.

At the outset, it appears very likely that the exhaustion doctrine will apply in this case since Futrell's federal habeas petition contains unexhausted legal claims. Indeed, all parties seem to concede that this petition is not exhausted with respect to many of the claims that have been brought. Thus, Futrell's federal pleading is the very model of an unexhausted petition which the Court ordinarily should dismiss without prejudice, so that he can either return to state court and totally exhaust these claims, or proceed in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982). Futrell can avoid the sanction of dismissal, and secure a stay, only if he can "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009). Mindful of the fact that "stay and abeyance should be available only in limited circumstances," Rhines v. Weber, 544 U.S. at 277, it may be that a stay is warranted under the particular facts of this matter and its current procedural posture.

The stay and abeyance procedure adopted by the Supreme Court in Rhines was intended to avoid unfair prejudice to habeas petitioners in those limited cases where completion of the habeas exhaustion requirement might result in an untimely federal petition under the one-year statute of limitations which applies to state habeas actions under 28 U.S.C. § 2244. Given the concerns which motivate this limited stay and

13

abeyance policy, "good cause" typically requires a showing that requiring exhaustion may result in a prisoner's petition being time-barred under § 2244. See Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

In this case, we have some concern that a dismissal of the petition as unexhausted could result in the statute of limitations ultimately barring litigation of these claims on their merits in the event that Futrell acts promptly to attempt to exhaust his state remedies. The danger which the statute of limitations presents to this particular *pro se* litigant can be readily illustrated by a brief consideration of how the statute of limitations would apply to this case. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 established a one-year statute of limitations on the filing of habeas petitions by state prisoners. In pertinent part, § 2244(d)(1) provides as follows:

> A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See Miller v. New Jersey State Dept. of Corrections 145 F.3d 616, 617 (3d Cir. 1998).

The calculation of this limitations period is governed by a series of well-defined rules. In part, these rules are prescribed by statute, specifically 28 U.S.C. § 2244(d)(1) and (2), which provide that: (1) the statute of limitations begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; and (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In assessing § 2244(d)'s tolling provision relating to the time when a case is "pending" state review, it is also clear that "the term 'pending' must include the time between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." Swartz, 204 F.3d at 424. Thus, the courts have construed this

tolling provision in a forgiving fashion, one which enables petitioners to toll their filing deadlines for the time periods in which they could have sought further appellate review of their cases.

Beyond this tolling period mandated by statute, it has also been held that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of habeas petitions; Miller, 145 F.3d at 617-18, and, therefore, is subject to equitable tolling. Id. at 618-19.  Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored.  As the United States Court of Appeals for the Third Circuit has observed:  "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'  Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'  The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted).  Indeed, it has been held that only:

> [T]hree circumstances permit[] equitable tolling:  if
> (1) the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) citing  Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

Applying these principles, it is apparent that Futrell faces grave risks that the one-year statute of limitations will preclude him from having this petition considered on its merits if this case is dismissed rather than stayed.  Indeed, these risks are graphically underscored by the Commonwealth's response which asserts that Futrell petition is unexhausted, but also suggests that Futrell is on the verge of being barred from proceeding in federal court due to the one-year statute of limitations imposed on federal habeas petitioners by 28 U.S.C. §2244, since Futrell appears to have filed his petition for relief 360 days after his conviction became final.

While we need not determine this statute of limitations issue at this time, and do not reach the ultimate merits of this issue, suffice it to say that the parties' positions amply illustrate that there may exist "good cause" to justify a stay in this case since, when § 2244's statutory tolling provisions are fully considered, at a minimum Futrell's federal habeas petition is perilously close to AEDPA's one-year statute of limitations.  Therefore, dismissal of this petition without prejudice to Futrell fully exhausting his state remedies would only further imperil this petition under the federal statute of limitations, and may bar any further consideration of this matter.

Given the statute of limitations concerns that arise here, we submit that Futrell may have "good cause" to justify a stay and abeyance in this case.

As for the remaining factors which would be considered in deciding whether a stay is appropriate, none of these factors appears clearly to weigh against the entry of a stay in such a compelling way in this case as to overcome the "good cause" that appears to exist here. In addition to determining whether "good cause" exists for staying this case, courts also examine two other criteria established by the Supreme Court in Rhines for entry of a stay, making a determination regarding whether the petition contains "potentially meritorious claims, and [whether the record shows] a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d. Cir.2009).

Neither of these factors would seem to dictate denial of a stay in this case. On the current state court record, and the documents submitted thus far, we cannot say that Futrell's claims are so completely lacking in merit that a stay would be unwarranted. Moreover, we note that those claims entail matters of grave importance to both Futrell – who faces 12 to 24 years in prison – and the Commonwealth, which has convicted Futrell of serious felony offenses. Furthermore, any considered judgment regarding the merits of federal habeas corpus petition may be shaped and informed by the orderly presentation of Futrell's petition in a legible document,

complete in all respects, and may be further aided in the event that Futrell elects to seek a further stay in order to seek state review of any unexhausted claims brought in this case. Therefore, it would be premature to make any declaration regarding whether Futrell's case presents any "potentially meritorious claims," id., and a stay to allow full litigation of these would likely enhance our analysis of the merits of this petition, if necessary.

Finally, in this case we cannot find that Futrell has indulged in "intentionally dilatory litigation tactics." Id. Quite the contrary, Futrell seems to be exercising diligence in attempting to assert his right to seek review of his conviction, both in state courts and now in federal court. Therefore, this factor would not call for denial of a stay, particularly when it is so readily apparent that refusing to stay this case might deny Futrell any further, meaningful opportunity to have his federal claims heard due to the possible application of AEDPA's one-year statute of limitations to this case if this petition is dismissed rather than stayed, and may result in the Court acting upon a petition that is, in its current state, in many respects illegible.

## IV.   RECOMMENDATION

Accordingly, faced with a petition that is in large measure not legible owing to many pages that are too faded to be read, and observing that the petitioner has

conceded that a number of his claims have not been presented to the state courts and, therefore, remain unexhausted, IT IS HEREBY RECOMMENDED THAT these habeas corpus proceedings should be STAYED for a period of at least 60 days in order:

1.     To allow the petitioner to move for a further stay and abeyance of this habeas litigation pursuant to Rhines v. Weber, 544 U.S. 269 (2005) in order to present his unexhausted claims to the state courts through a PCRA petition, or, alternatively,

2.     To give the petitioner sufficient time to submit a complete and legible petition if he declines any further effort to exhaust his claims.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of October 2013.

*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge