## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMEEL FUTRELL,** | : | **CIVIL NO. 1:12-CV-2492** |
| **Plaintiff** | : | **(Judge Kane)** |
| **v.** | : | **(Magistrate Judge Carlson)** |
| **DAVID VARANO, et. al.,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

On December 13, 2012, Jameel Futrell, an inmate housed at SCI-Coal Township, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  In his petition, Futrell asserted that during his criminal trial in 2007, at the conclusion of which he was convicted of criminal conspiracy and drug trafficking offenses, the petitioner was represented by ineffective counsel.  Among various other allegations, Futrell alleges that his counsel at trial failed to move to suppress illegally seized evidence, failed to introduce statements and a confession from a material witness, and failed to challenge the validity of the criminal information prior to trial.

After Futrell confirmed in February of 2013 his election to proceed on his claims as initially filed pursuant to 28 U.S.C. § 2254 (Doc. 9.), the Court issued an

order to show cause directing the respondents to file a response to the petition (Doc. 10).  The respondents then filed a motion to dismiss the petition on June 3, 2013, together with a brief in support, and the records from Futrell's trial, appeal, and post-conviction proceedings in state court.  In their motion, the respondents asserted that many of Futrell's claims were unexhausted because he did not present them to the Pennsylvania state courts on direct review or as part of his petition for relief under Pennsylvania's Post-Conviction Relief Act.  With respect to the only claim that the respondents conceded was exhausted, the respondents argued that Futrell is not entitled to relief as a matter of law.

Upon review, we found that Futrell's petition appeared to be almost entirely unexhausted; indeed, Futrell seemed to admit as much, as he represented throughout the petition that he was presenting most of the claims for the first time in this proceeding.  However, we also found that large sections of Futrell's petition were illegible or otherwise unintelligible, and prevented the Court from engaging in an adequate review of Futrell's claims.  Accordingly, we recommended that the Court stay these habeas proceedings for a fixed period of time in order to provide Futrell the opportunity to move to have this case held in abeyance while he sought further review in state court of the unexhausted claims he has brought in this proceeding.  (Doc. 21.)  This recommendation was adopted by the district court,

(Doc. 24.), and Futrell himself sought a stay of proceedings to allow him to attempt to exhaust these claims.  (Doc. 23.)

In January 2016, Futrell reported that he had completed these efforts to fully exhaust his state claims, (Doc. 39.), and requested that the stay be lifted. This request was granted, (Doc. 40.) and we set a schedule for resolving the merits of Futrell's claims.  Respondents then filed a timely and complete response to the petition.  (Doc. 52.)  Futrell, in turn, sought several extensions of time before filing this motion to amend his petition.  (Doc. 58.)

The purpose behind this motion to amend is unclear, since Futrell's motion simply restates the claims set forth in his original petition, all of which have been fully addressed by the respondents.  Given that the petition itself does not add any new substantive claims to this petition, we believe that the governing principles which apply in this case caution against a further, belated and unnecessary amendment of the petition.   Therefore, for the reasons set forth below, it is recommended that the motion to amend be DENIED.

## II.   <u>Discussion</u>

### A. <u>Amendment of Habeas Corpus Petitions: Standard of Review</u>

Motions to amend petitions for a writ of habeas corpus are governed by the Federal Rules of Civil Procedure.  28 U.S.C. § 2242, which provides that a petition

for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.

Rule 15 of the Federal Rules of Civil Procedure, in turn, governs amendments and supplementation of pleadings. Fed. R. Civ. P., Rule 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2). Consistent with the plain language of this rule, leave to amend rests in the discretion of the court. That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15. In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Adams, 739 F.2d at 864.

Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir.1988).

Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266.

Furthermore, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Moreover, a party seeking to supplement pleadings must act in a diligent fashion. Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them. Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir.1998)." Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002).

Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15, which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964). Therefore, in considering a motion to amend we must always "appl[y] Rule 15 . . . in a manner aimed at securing the just, speedy and inexpensive determination of every action." CMR D.N. Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.).

## B. Futrell's Motion to Amend Should Be Denied

Applying these discretionary benchmarks we conclude that Futrell's motion to amend--which seeks to amend this petition after nearly four years but adds no new substantive claims to the amended petition--should be denied. At the outset, in our view this proposed amendment runs afoul of considerations of delay. Delay becomes "undue," and creates grounds for the district court to refuse leave to amend when "it places an unwanted burden on the court or when the [petitioner] has had previous opportunities to amend." Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267, 273 (3d Cir. 2001). To avoid undue delay, "a party seeking to supplement pleadings must act in a diligent fashion." Robinson v. Marsh, No. 3:11-CV-1376, 2014 U.S. Dist. LEXIS 128861 (M.D. Pa. Aug. 20, 2014). In assessing the timeliness of a motion seeking leave to amend, the Court balances

Futrell's stated reasons for not amending sooner, against the burden of delay on the court.  Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008).  Here, in this case Futrell acknowledges that his motion to amend may appear untimely, yet he asserts that his motion should still be granted because this matter is "procedurally extraordinary."  (Doc. 58.)  He attempts to justify this delay by relying on the assertion that this Court's previous order to stay his habeas proceedings for a fixed period of time in order to provide Futrell the opportunity to move to have his case held in abeyance while he sought further review in state court of his unexhausted claims forced him into some kind of "procedural trap." Id.  Futrell further asserts that this Court's "suggestion that [Futrell] return to state courts . . . was erroneous" and that we "should have recognized that PCRA relief was not available to the petitioner and [that] a PCRA petition was destined to fail" because it had been more than one year since Futrell's judgment became final.  Id.

On this score, Futrell simply fails to appreciate the necessity for the earlier stay of proceedings.  That stay did not create a procedural trap for Futrell.  Quite the contrary, by staying action on this petition and giving Futrell an opportunity to attempt to exhaust his state remedies, we endeavored to assist Futrell in avoiding a procedural trap.  State prisoners, like Futrell, who turn to the federal courts seeking habeas corpus relief are often called upon to chart a careful course between competing procedural shoals.  Prisoners who file prematurely may run afoul of one

of the statutory prerequisites to a state prisoner seeking habeas corpus relief in federal court, "exhaust[ion of] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Prisoners who delay in filing may find that the one-year statute of limitations applicable to habeas petitions under 28 U.S.C. § 2244, now bars their access to federal court.  Thus, prisoners often must endeavor to steer a course between the Scylla of § 2254's exhaustion requirement and the Charybdis of the bar of the statute of limitations.  Morningwake v. Wetzel, No. 3:13-CV-1698, 2013 WL 3784122, at *1 (M.D. Pa. July 18, 2013).  Because strict compliance with this total exhaustion rule can create this procedural dilemmas for some petitioners who may be unable to fully exhaust state remedies on petitions before the one-year statute of limitations prescribed for state habeas petitions elapses, the courts have adopted another procedure which may be employed in a limited number of cases, a "stay and abeyance" procedure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner. Rhines v. Weber, 544 U.S. 269 (2005).  Thus, we employed this procedure in the instant case in order to protect Futrell's rights as a federal court litigant, but nothing about this stay guaranteed Futrell any measure of success in his state court litigation.

While Futrell may now be disappointed by the outcome of this state court litigation, which was a necessary prerequisite to pursuing this federal habeas

corpus petition, that disappointment does not translate into an opportunity to belatedly amend this petition for several reasons. At the outset, Futrell cannot attribute any disappointment with these state court rulings, which apparently rejected some of his claims as untimely, to this Court. First, as Futrell acknowledges, there are exceptions to any time-bar imposed by the State Post Conviction Relief Act (PCRA). The exceptions to the time-bar of the PCRA are found in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) and relate to governmental interference, newly discovered facts, and newly recognized constitutional rights. It is the petitioner's burden, not the Court's, to allege and prove that one of the timeliness exceptions applies. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 346 (Pa. 2013). Futrell does not allege that he even attempted to assert any of these exceptions in the state court proceedings. Therefore, Futrell cannot cite these state court rulings, which apparently denied some of his claims as untimely, as a basis for belatedly amending his federal habeas corpus petition. Of course, Futrell will still retain the right to fully litigate these exhaustion issues in any traverse he may file addressing arguments made by the respondents in response to his initial habeas corpus petition.

Moreover, Futrell has not timely sought to amend this pleading throughout these proceedings. Indeed, Futrell initially confirmed his election to proceed on the claims set forth in his initial petition pursuant to 28 U.S.C. § 2254 in February

of 2013.   (Doc. 9.)   On November 14, 2013, the district court stayed Futrell's habeas proceedings in order to allow him to fully exhaust these claims.   (Doc. 24.) More than two years later, on January 21, 2016, Futrell filed an application to lift the stay on his habeas corpus proceedings.   (Doc. 39.)   The stay was lifted on January 25, 2016, yet Futrell did not file this motion to amend until June 29, 2016, some five months later.   (Doc. 40, 58.)   At this point, it had been more than three-and-a-half years since Futrell first filed his petition and more than five months since the stay on his case was lifted.   Furthermore, even if Futrell had asserted that he submitted his request for amendment in reply to the response filed by the Commonwealth on May 21, 2016, Futrell's motion to amend is still untimely, as the Federal Rules of Civil Procedure require that amendments be made within 21 days after service of a responsive pleading.   Given the length of the delay, the Court finds that Futrell had ample opportunity to seek leave to amend sooner.

Finally, Futrell's motion seeking leave to amend should also be denied as the proposed amendments do not present any new facts or new claims for relief.   All of the claims that are raised in Futrell's motion to amend seem to be entirely consistent with the claims as contained in his original petition.   In fact, Futrell acknowledges that "the claims. . . are consistent with the claims set out, or attempted to be set out in the original timely filed Habeas Petition . . ."   (Doc. 58.) Therefore, Futrell's proposed amendment is unnecessary.   Thus, while we

appreciate that Futrell's primary concern is ensuring that the respondents and the Court fully understand which claims he is asserting, we recognize that the respondents concede that the claims advanced by Futrell in his motion to amend are identical to those initially lodged by the petitioner.  (Doc. 62.)  Further the respondents have addressed the original petition in its entirely and seem to have summarized all of Futrell's claims accurately.  Moreover, the Court has read both the original habeas petition as well as the response from the respondents, and is also aware which claims are being brought.  Therefore, at this point, amendment is simply unnecessary.  Since this proposed amendment is legally unnecessary, and would further delay these protracted proceedings, we find that amendment of the petitioner would be a futile gesture which would be antithetical to the guiding principle which should guide us, which is "to make pleadings a means to achieve an orderly and fair administration of justice."  Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964).

### III.   CONCLUSION

Accordingly, for the foregoing reasons, IT IS RECOOMMENDED that the petitioner's motion for leave to file an amended petition (Doc. 58.), be DENIED. The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this  21st  day of November 2016.


*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge